# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Jable Athel Maxwell, | ) |
| | ) Civil Action No.: 3:17-cv-01672-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| David Bruce Betts; Tivis Colley Sutherland, IV; Bradley Fulton; William Cobia; Kelly Wilson Hall; and Jane Barrett Taylor, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 7), filed on July 13, 2017, recommending that the court dismiss Plaintiff's action under 42 U.S.C. §1983 for inability to prove essential elements of the claim.

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report (ECF No. 7 at 7), but neither party did so.

In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.

1

1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("The Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Under 42 U.S.C. § 1983, Plaintiff has not successfully challenged his conviction which is a requirement to receive monetary damages. Plaintiff also cannot bring a claim against a criminal defense attorney because attorneys are not actors "under the color of state law". *See Polk Cty. v. Dodson*, 454 U.S. 312, 317–18 (1981). Finally, prosecutorial immunity precludes the lawsuit against the named prosecutors in this action. *See Buckley v. Fitzsimmons,* 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside,* 208 F.3d 467 (4th Cir. 2000). For these reasons, the court **ACCEPTS** the Report's recommendation to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) without issuance and service of process.

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

July 5, 2018
Columbia, South Carolina